**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT L. SWOPE | ) | CASE NO. 4:15 CV 970 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STEPHEN DUBOS, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Robert L. Swope filed this action against Boardman Police Officer Stephen Dubos, Boardman Police Officer Jacob Lape and the Boardman Police Department. In the Complaint, Plaintiff alleges Dubos and Lape used excessive force during his arrest. He seeks $ 3,600,000.00 in damages.

### I. Background

Plaintiff claims he was arrested on July 30, 2013, around 12:30 a.m. by Officers Dubos and Lape. He attempted to leave the parking lot of a CVS Pharmacy at 7230 Market Street, Boardman, Ohio as the officers were attempting to take him into custody. He contends Officer Lape screamed to Dubos to shoot at him, referring to Plaintiff with a racial epithet. Dubos fired several shots, striking Plaintiff in the knee and leg. Plaintiff drove from the scene. He states he found a well-lit and populated business, stuck both of his hands out of the window and surrendered. He claims the Defendants used excessive force during his arrest.

**II.     Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.     Analysis

#### A. Claims against the Boardman Police Department

As an initial matter, the Boardman Police Department is not a proper Defendant.  Police Departments are not *sui juris*, meaning they are not capable of suing or being sued for purposes of § 1983.  *Petty v. County of Franklin, Ohio*, 478 F.3d 341 (6th Cir. 2007); *Brett v. Wallace*, 107 F.Supp. 2d 949 (S.D. Ohio 2000) ("[T]he Sheriff's Office is not a proper legal entity and, therefore, is not subject to suit or liability under 42 U.S.C. § 1983"); *Elkins v. Summit County, Ohio*, 2008 WL 622038 (N.D. Ohio March 5, 2008) (stating that administrative units of a local government, such as a municipal police department, are not *sui juris,* and cannot be sued without positive statutory authority, which is absent in Ohio).  The Boardman Police Department cannot be sued as a legal entity.  Therefore, the claims Plaintiff asserts against the Boardman Police Department are construed against the City of Boardman.

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.  A municipality can therefore be held liable only when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).  The Complaint contains no suggestion of a custom or policy of the City of Boardman which may have led to a violation of Plaintiff's constitutional rights.

### B. Claims against Officers Dubos and Lape

The use of force in the course of an arrest or other seizure is governed by the Fourth Amendment and its reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395-96 (1989). That standard requires the officer's use of force to be objectively reasonable, balancing the cost to the individual against the government's interests in effecting the seizure. *Id.* at 396. This standard contains a built-in measure of deference to the officer's on-the-spot judgment about the level of force needed in light of the circumstances of the particular case. *Id.* Circumstances to be considered in this connection include the severity of the criminal conduct at issue, whether the suspect posed an immediate threat to the safety of the public and the officer, and whether the suspect was actively resisting arrest. *Id.* at 396. These factors must be considered from the perspective of a reasonable officer on the scene, who is often forced to make quick judgments under rapidly evolving and tense circumstances. "Every push and shove an officer makes during the arrest" will not subject the officer to liability. *Collins v. Nagle*, 892 F.2d 489, 496 (6th Cir. 1989) (quoting *Lester v. City of Chicago*, 830 F.2d 706, 712 (7th Cir. 1987)). The power to arrest necessarily carries with it the power to use some force to make an arrest. *Id.* Furthermore, the officer's subjective intentions are irrelevant to the Fourth Amendment inquiry. *Id.* at 397.

In this case, Plaintiff provides very few facts to explain or describe the scene. He does not indicate why he was being arrested or why he was attempting to flee to avoid seizure. He alleges that Lape referred to him using a racially derogatory term and encouraged Dubos to act. He claims Dubos fired several shots, striking Plaintiff in the leg and knee. While his Complaint is not artfully pled, his excessive force claims against the officers meet the minimum pleading requirements of Federal Civil Procedure Rule 8.

**IV. Conclusion**

Accordingly, Plaintiff's claim against the Boardman Police Department is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1] This action shall proceed solely against Officer Stephen Dubos and Officer Jacob Lape on Plaintiff's Fourth Amendment Excessive Force claim. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the Defendants.

IT IS SO ORDERED.

                                                                */s/ John R. Adams*
                                                                JOHN R. ADAMS
                                                                UNITED STATES DISTRICT JUDGE

Dated: October 22, 2015

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.